NIMMONS, Judge,
concurring in part and dissenting in part.
I agree with Judge Ervin’s opinion except as to its holding that the trial court, on resentencing, must adhere to the original ten-year sentence. I do not believe that such holding properly takes into account the fact that the trial court erroneously and unwittingly allowed the subject offense, “manslaughter with a firearm,” to be designated as a second degree felony in the judgment and in the guidelines scoresheet.
Manslaughter is ordinarily a second degree felony. However, manslaughter becomes a first degree felony when committed with a firearm by virtue of Section 775.087(1), Florida Statutes, which provides:
(1) Unless otherwise provided by law, whenever a person is charged with a felony, except a felony in which the use of a weapon or firearm is an essential element, and during the commission of such felony the defendant carries, displays, uses, threatens, or attempts to use any weapon or firearm, or during the commission of such felony the defendant commits an aggravated battery, the felony for which the person is charged shall be reclassified as follows:
[[Image here]]
(b) In the case of a felony of the second degree, to a felony of the first degree.
The use of a weapon or firearm is not an essential element of manslaughter, see Strickland v. State, 437 So.2d 150 (Fla.1983), and Section 775.087 mandates reclassification by reason of the additional element of a weapon or firearm. Burgess v. State, 524 So.2d 1132, 1134 (Fla. 1st DCA 1988); McKinnon v. State, 523 So.2d 1238 (Fla. 1st DCA 1988). Therefore, the judgment should have shown the offense to be a first degree felony instead of a second degree felony. Likewise, the guidelines scoresheet erroneously scored the “primary offense at conviction” as a second degree felony with 77 points attributed thereto. The correct scoring for a first degree felony would be 136 points. The total number of points on the scoresheet should have been 189 instead of the 130 indicated. The proper guidelines range was the 12-17 year cell instead of the 3-7 year cell.[1]
The question arises as to what should be done, if anything, regarding resentencing additional to the obvious corrections which must be made for the erroneous imposition *890 of the three-year mandatory minimum sentence and the court’s retention of jurisdiction. I agree with Judge Ervin’s opinion to the extent that the state should be precluded from seeking a greater sentence than the ten-year sentence which the parties negotiated. However, I see no reason why the trial court should be similarly constrained. This is so because it appears that the parties negotiated for a ten-year recommendation by the state and that the trial court did not commit itself to be bound by such recommended sentence.[2] However, although the defendant should not be entitled to require the trial court to adhere to the original ten-year sentence, the defendant should, if he elects to do so, be permitted to withdraw his nolo contendere plea in view of the fact that the defendant’s plea was entered under the erroneous assumption that the offense was a second degree felony, scored as such. And, if the defendant were to withdraw his nolo plea, the state should be entitled to reinstate the case which was nol-prossed as part of the plea bargain.
I do not believe that the cases cited by the majority preclude the disposition which I favor under the circumstances of the instant case.

. The subject offense was committed on February 26, 1988, prior to the guidelines amendments which created the new categories known as "permitted ranges.” Florida Rules of Criminal Procedure Re: Sentencing Guidelines (Rules 3.701 & 3.988), 522 So.2d 374, 377 (Fla.1988).

. The negotiated plea form provided, in pertinent part:
State to recommend that I receive a sentence of 10 years in 88-91-CF.
******
State and defense agree that my total sentence shall be 10 years imprisonment, (emphasis added)
Although the proceedings at which the nolo plea was entered are not included in the record on appeal, the following from the sentencing proceeding confirms that the parties understood the plea agreement to involve only a recommendation by the state:
THE COURT: What’s the sentencing guidelines?
MR. GLANT [prosecutor]: [B]y agreement between the defense and the State, we're recommending a sentence of ten years, which is a one-cell departure upward from the guideline sentence of three to seven years. And that's the negotiated plea. Your Honor, I would recommend that, if the Court wants to consider this, to order a PSI. It is a homicide case, and I don’t see any reason not to do a PSI on this case.
MS. HADDAD [defense counsel]: Your Honor, Mr. Gainey’s already waived the PSI.
MR. GLANT: But it's the Court’s prerogative.
THE COURT: When we were here before, and I mentioned the fact of either accepting or rejecting the waiver of a PSI, that nothing was stated to me that I needed one. Now we're dealing with Alachua County, and what are the charges over there?
MS. HADDAD: Your Honor, that’s the violation of probation. Mr. Gainey was on probation for a burglary. He’s already — it’s my understanding he’s pled to the technical violations there in Alachua County. The Public Defender there, Mr. Weiss, I believe, continued the sentencing pending disposition in Bradford County, pursuant to our plea agreement, which I can show to the Court. The State — we had agreed to a sentence, a total of 10 years. Other felony charges in Bradford County also have been nol prossed pursuant to the plea agreement. We’ve agreed to a sentence. The only thing that we had pending was that we were waiting for the paperwork from Alachua County to be transferred here so that everything could be disposed of.
THE COURT: If he’s ready to go with ten years, that’s what he’s going to get, and I’ll give him ten years.
MS. HADDAD: That’s the plea agreement, your Honor. Mr. Gainey is ready to be sentenced. He’s been in the Bradford County jail for months, and I don’t know what the holdup is; the State has assured me—
******
MR. GLANT: Your Honor, the recommendation, and the agreement between the State and the defense, is that he would get concurrent sentenced on the VOP and the homicide, and the sentence on the homicide will be ten years.
MS. HADDAD: Your Honor, a possibility: If the Court is inclined to follow the ten-year recommendation, to go ahead and sentence Mr. Gainey on the homicide case today and then, when we get the paperwork, if he could be brought back for sentencing and receive a concurrent sentence for a total of ten years.
THE COURT: I intend to, because I’m going to dispose of it today.
MR. GLANT: That’s fine; that would be—
MS. HADDAD: Thank you, your Honor.
(emphasis added)